[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on October 29, 1991 in Atlanta, Georgia, and the plaintiff has resided continuously in this state for more than twelve months prior to the filing of the complaint in this matter. The marriage has broken down irretrievably. There is one minor child of the marriage, Stephen Taylor Phillips, born September 4, 1992. Neither the plaintiff or the defendant is receiving aid from the State of Connecticut
The causes of the marital breakdown, after twenty-one months of living together, are attributable to both of the parties equally. The husband, forty-four years of age and in good health, has been the only source of marital assets. As of July 15, 1996, the husband became an independent consultant in the construction field. He has a college degree in Building Construction. In the past, he has earned up to $90,000 per year in salary. He has two children by a previous marriage and pays $1000 per month child support, $150 health insurance and to October, 1997, $600 alimony. The wife, forty-four years of age and in good health, has three years of college and, subsequent to the separation, became employed as an apartment manager and earns $23,000 per year. The subject marriage is the wife's third, with a seventeen year old and a twenty year old from her previous marriages.
The husband owns real property purchased with his funds known as 7 Juniper Road, Bethel, Connecticut. The property is appraised at $174,000 with a mortgage of $138,000.
Subsequent to the separation of the parties, the husband CT Page 9655 purchased with his funds the premises known as 550 Compton Drive, Lexington, Kentucky, for $72,000, subject to a $67,000 mortgage. The title to this premises is in the name of both parties.
The remaining assets of the parties will be identified as they are distributed between the parties.
The court, in allocating the appropriate distribution of assets and award of alimony, has reviewed the provisions of Connecticut General Statutes § 46b-82 and § 46b-81 and the Connecticut Child Support Guidelines.
The wife shall have custody of the minor child with reasonable, liberal and flexible visitation with the minor child by the husband. Visitation shall take place in the State of Kentucky, and shall be upon seventy-two (72) hours advance notice to the wife. In alternate years, starting in 1997, the husband may take the child for seven (7) days during the Christmas season. The husband may take the child for two weeks each summer upon thirty (30) days notice. Each party will have liberal telephone access to the minor child while the child is in the care of the other party. The wife shall keep the husband reasonably informed of the minor child's significant academic, health and emotional status. The parties shall notify each other forthwith of any changes of residence and any changes of home or work telephone numbers.
Based on the earning history of the husband and his now independent consulting, the court orders support payments for the minor child by the husband to the wife of $145 weekly. Should the husband resume full-time salaried employment, he will notify the wife within thirty (30) days. Child support shall continue until the child graduates from high school, but not beyond the age of nineteen (19) years.
Based on the training and employment by the wife and the duration of the marriage, the court orders the husband to pay $150 weekly alimony to the wife until September 1, 1999, nonmodifiable by way of extension of term, starting one week from the date of this decision. Alimony is to terminate upon the wife's death, remarriage or her cohabitation as define by statute. The husband will have the child's exemption while alimony is being paid. After alimony ends, the exemption will be taken in alternate years by the husband, the wife having the first year after alimony ends. Alimony will be taxable to the CT Page 9656 wife, and deductible by the husband.
The real property known as 7 Juniper Road, Bethel, Connecticut, shall remain the property of the husband. The real property known as 550 Compton Road, Lexington, Kentucky, is to become the sole property of the wife, subject to the mortgage thereon, by the husband deeding his interest in said property forthwith. The husband shall indemnify the wife on the Bethel mortgage, and the wife shall indemnify the husband on the Compton mortgage. Any ownership interest the husband may have in the entity known as "Shore Properties" in Mt. Pleasant, South Carolina, will remain the property of the husband.
The Merrill Lynch IRA Account No. 575-89133 with an approximate balance of $86,000 will be reduced by a payment to the wife of $25,000. The wife's attorney is directed to prepare any QDRO needed.
The husband shall maintain life insurance in the sum of $75,000 and will name the wife as the beneficiary as trustee for the benefit of the minor child, Stephen Taylor Phillips. The husband will maintain said policy until his support obligation is completed.
The husband shall cover the minor child for medical and dental insurance until his support obligation is completed either by insurance available through an employer or reasonably available by private contract. All unreimbursed medical, dental, optical, psychological, orthodontic and prescriptive drug expenses shall be shared equally by the parties. All other assets shown on the financial affidavits that have not been discussed above will remain the property of the party whose affidavit contains that item of property.
Each party is to pay all personal debts shown on their financial affidavit and hold the other party harmless for same.
Each party will be responsible for their own attorney's fee.
Judgment of Dissolution may enter in favor of the plaintiff in accordance with the foregoing.
Stodolink, J. CT Page 9657